IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| JUSTIN CACHOLA, et als. | CASE NO.: 05-2294 (DRD) |
|---|---|
| Plaintiffs | |
| | JURY TRIAL DEMANDED |
| v. | |
| EL CONQUISTADOR RESORT & COUNTRY CLUB | |
| Defendant | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

COME NOW PLAINTIFFS, through their undersigned counsel, and very respectfully submit fro this Honorable Court's consideration the instant Opposition to Defendant's Motion for Summary Judgment, pursuant to the provisions of Fed. R. Civ. P. 56 and Local Rule 56. In support thereof, plaintiffs show unto the Honorable Court as follows:

1. Plaintiffs have shown that there are genuine issues regarding the material fact in this case: those alleged to be uncontested by defendant El Conquistador (hereinafter "El Conquistador or the Hotel") which are contested and those additional facts established by Plaintiffs which are clearly uncontested. In view of those genuine issues of material fact, this Honorable Court is precluded from granting summary judgment in favor of defendant. See Plaintiffs' Answer to Defendant's Statement of Uncontested Facts in Support of Summary Judgment and Plaintiffs' Additional Statement of Uncontested Material Facts, which further prevent this Honorable Court from granting the relief requested by defendant.

2. Defendant anchors its request on the following propositions: a) that the sums in question were indeed service charges as opposed to tips, and b) that no retaliation occurred inasmuch plaintiffs failed to file a complaint as required by Section 15(a)(3) of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. 251 section (a)(3) ,thus failing to meet their burden to establish a prima facie case. Defendant further contends that it had just cause to terminate plaintiffs Cachola, Rodríguez López, Rodríguez Millán and Canales.

3. All of defendant's propositions fail to support defendant's request for summary judgment on its favor.

4. On the issue of the service charge, both parties agree that the law specifically defines what a service charge vis a vis a tip. However, on this issue it has been uncontested that El Conquistador allowed the Le Bistro customers to obviate the mandatory nature of the alleged service charge. What defendant failed to address is that the same legal provisions it cited specifically mandate that the service charge be compulsory, that is, not subject to a patron's whim.

5. Furthermore, El Conquistador concedes that its own business records show, **unequivocally**, that the alleged service charge was not bona fide. In all of its payroll records, El Conquistador referred to the service charge as tips and the additional gratuities the patrons' left at their discretion as "additional tips". To pretend that such nomenclature was simply an oversight is ludicrous.

6. El Conquistador also failed to forewarn its patrons, as well as its employees, on Le Bistro's menu and otherwise, that the payment of the service charge was compulsory. The uncontested facts are that El Conquistador allowed its waiters to re-issue checks without the 20% service charge if a guest refused to pay same.

Contrary to El Conquistador's assertions, this situation happened not only in those instances when a guest was dissatisfied with the service, but simply because the guest wanted to leave only a 15% tip.

El Conquistador also instructed its waiters to inform patrons, if asked, that the 20% reflected on their bill already contemplated any tip to be left for the waiter.

7. Had the service charge been bona fide, all patrons' tickets would show that patrons, without exception, paid the additional 20%, which in fact they did not.

8. It remains uncontested as well that El Conquistador recorded in all of plaintiffs' earning records and its own accounting records, the amounts paid to plaintiffs from the alleged service charge portion as **tips earned**. The problem with defendant's proposition is that the law clearly establishes that any sums distributed to the waiters and staff from a bona fide service charge must be reported as **salary**. El Conquistador never recorded such payments as being salaries. In all of its tax and accounting records such sums were referred to by the Hotel as "tips". This is not simply a nomenclature issue. Defendant El Conquistador was fully aware, or so it claims, of the legal difference between both concepts.  That much so that after the filing of the instant action, it not only re-printed the restaurant's menu but also "correctly" identified tips and service charge distributions in subsequent earning statements.

8. Defendant cannot escape the Catch-22 position it put itself in. If in fact the sums were legitimate service charge distributions, it had to inform them in plaintiffs W-2 forms and earning records as salaries not tips, which it did not.

9. The inescapable conclusion is that if, in fact, they were to be considered by this Honorable Court as service charges, the Court must find against El Conquistador, as it violated the FLSA under any plausible scenario.

10. With regards to the retaliation claims, defendant avers that plaintiffs have failed to establish a prima facie case of retaliation inasmuch as plaintiffs did not file a complaint within the meaning of Section 15(a)(3) of the Fair Labor Standards Act.

11. However, defendant completely disregards First Circuit precedent that informal complaints are sufficient to trigger the retaliation, prima facie case, burden shifting analysis, siding with similar decisions from the 5th, 9th and 11th Circuits. All plaintiffs testified that they complained on numerous occasions. El Conquistador's Human Resources Associate Director admitted as much.

12. Defendant's argue that plaintiff Canales' claim before the Puerto Rico Department of Labor Wages and Hours Division was filed after his dismissal and thus, does not trigger the protection of the Antiretaliation statute. It further suggests that inasmuch as the investigation was favorable to defendant, it shows that it did not violate the FLSA. Defendant is mistaken. As stated above, the internal complaints sufficed to trigger the retaliation prohibition of the FLSA. Furthermore, the results of the DOL investigation are irrelevant. The inescapable fact, is that a claim was indeed filed, that the employer knew about it, as a matter of fact it participated and even provided information to the investigator, and that Canales was fired from his employment afterwards.

13. Defendant's contention that it had to terminate plaintiffs Cachola, Rodríguez López, Rodríguez Millán and Canales are also unfounded. Plaintiffs

Additional Statement of Facts unquestionably reveals that the disciplinary actions taken against these plaintiffs were clearly retaliatory in nature. All dismissed plaintiffs were disciplined, suspended and terminated within months of each other all the terminations were effected in complete disregard of defendant's Employee Manual.

14. El Conquistador failed to comply with the terms and conditions of plaintiffs' employment agreements and its own personnel policies, including but not limited to:

    a) Retaining for itself plaintiffs tips.

    b) Issuing incorrect W-2 forms and earnings statements in violation of Federal and Puerto Rico law.

15. Given the above, any claims that plaintiffs have failed to meet the legal standards for a Fair Labor Standards Act violation are blatantly false and amply contravened by the record.

16. As more fully discussed in Plaintiff's Memorandum of Law, this Honorable Court should deny Defendants' Motion for Summary Judgment in its entirety.

**WHEREFORE**, plaintiffs very respectfully pray unto this Honorable Court that, in view of the existence of disputed material facts and of additional uncontested material facts that favor plaintiffs, defendant El Conquistador's Motion for Summary Judgment should be denied in its entirety.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that we have electronically filed the foregoing motion with the Clerk of the court using the CM/ECF system, which will send the notice of such filing to: **Patricia Limeres, Esq. and Edwin J. Seda, Esq.**

In San Juan, Puerto Rico this 10th day of December, 2007.

**BOCANEGRA LAW OFFICES, P.S.C.**

By: S/ Joanna Bocanegra
_____
JOANNA BOCANEGRA OCASIO
USDC-PR ID. #208413
Edificio Julio Bogoricín
Suite 500
Avenida Ponce de León #1606
San Juan, Puerto Rico 00909
Tel: (787) 729-4444 * Fax: (787) 729-4466
E-Mail: JBOCANEGRA07@YAHOO.COM