IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUSTIN CACHOLA-BONILLA, et al.,

Plaintiffs

v.                                                CIVIL 05-2294 (DRD) (JA)

WYNDHAM EL CONQUISTADOR
RESORT & COUNTRY CLUB,

Defendant

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

    This matter comes before the court on motion for summary judgment by defendant El Conquistador Partnership, L.P., S.E. d/b/a El Conquistador Resort & Country Club (hereinafter "Conquistador").  (Docket No. 50.)  Plaintiffs Justin Cachola Bonilla (hereinafter "Cachola"), Juan Canales Medina ("Canales"), Juan R. Ojeda ("Ojeda"), Melvin Rodríguez-López ("Rodríguez-López"), Julio Rodríguez-Millán ("Rodríguez-Millán") and Juan C. Monteczuma ("Monteczuma") (see Docket No. 1) filed an opposition to the defendant's motion.  (Docket No. 61.)

    The matters at issue arise from a policy instituted at the Le Bistro Restaurant ("Le Bistro") in the Las Casitas section of the El Conquistador Resort. Customer checks at Le Bistro are billed a twenty percent (20%) "service charge," which is automatically included in the check.  (Docket No. 51, at 2, ¶ 3; Docket No. 63. at 2, ¶ 3.)  Seventy-five percent (75%) of this service charge is distributed to the wait staff (15% of the customer's bill) with the remaining

CIVIL 05-2294 (DRD) (JA)                    2

twenty-five percent (25%) of the service charge (5% of the customer's bill) retained by Conquistador to cover administrative and facilities expenses.  (Docket No. 50, at 10; 51, at 2, ¶ 4; Docket No. 63, at 2, ¶ 4.)

        The plaintiffs were all employed at Le Bistro during the relevant times. (Docket No. 51, at 1-2, ¶¶ 1 & 5; Docket No. 63, at 1-2, ¶¶ 1 & 5.[1])  During their employment with Le Bistro, the plaintiffs all felt that the "service charge" was actually their tip, and Le Bistro was therefore illegally retaining twenty-five percent (25%) of what plaintiffs considered their tips.  (Docket No. 1, at 4, ¶ 14.) Canales, Cachola, Rodríguez-López and Rodríguez-Millán testified at deposition that they complained about these "service charges" to different managers and directors, or to Conquistador's Human Resources department.  (Docket No. 65-2, at 24:21-25:16, 21:23-22:9, 55:18-24, 58:16-21; Docket No. 65-3, at 13:18-14:4, 14:13-18, 15:8-9 & at 28.)  These four plaintiffs were later terminated from Le Bistro.  (Docket No. 51, at 2, ¶ 8, at 6, ¶ 31, at 7, ¶ 42, at 9, ¶ 53; Docket No. 63, at 2, ¶ 8, at 4, ¶ 31, at 5, ¶ 42, at 6, ¶ 53.)

_____

        [1] While Conquistador has "denied" the plaintiffs' allegation that "[a]t all times relevant herein, plaintiffs were employees of Wyndham Corporation, within the meaning of 29 U.S.C. § 203(l)(i), fulfilling duties for Defendant in Las Casitas, which is part of El Conquistador Hotel located in Fajardo, Puerto Rico[,]" (Docket No. 1, at 6, ¶ 5), they seem to do so inasmuch as "29 U.S.C. § 203(l)(i)(sic) of the Fair Labor Standards Act ('FLSA') refers to 'oppressive child labor' provisions and this fully contradicts allegation number (4) of the Complaint, which avers that all plaintiffs are adult individuals."  (Docket No. 22, at 2, ¶ 5.)  I assume that Conquistador admits to the rest of the allegation, inasmuch as the summary judgment record shows those facts to be uncontested.

CIVIL 05-2294 (DRD) (JA)                3

In their complaint, the plaintiffs allege that Conquistador illegally deducted twenty-five percent (25%) from their tips, illegally included amounts from the service charge to customers as gratuities instead of salary in the plaintiffs' paychecks (Docket No. 1, at 4, ¶ 14), and terminated plaintiffs Canales, Cachola, and Rodríguez-López in retaliation for their complaining of such.[2] (Docket No. 1, at 3, ¶¶ 8 & 9; at 4, ¶ 17; at 5, ¶¶ 22 & 23.)

In its motion for summary judgment, Conquistador argues that (A) the sums which Conquistador withheld were not "tips" as plaintiffs argue, but "service charges" which Conquistador could legally withhold under the Fair Labor Standards Act ("FLSA"), and (B) the plaintiffs cannot support a claim of retaliatory discharge and in fact were discharged for just cause. (Docket No. 50, at 10-16.)

In their opposition to Conquistador's motion for summary judgment, plaintiffs argue that (A) Conquistador's "service charge" does not meet the FLSA definition of such, and (B) internal complaints made by the plaintiffs establish a prima facie case of retaliatory discharge and the facts show they were not discharged for just cause. (Docket No. 61, at 2-6.)

---

[2] While Ojeda is identified as one of the terminated defendants in the body of the complaint (Docket No. 1, at 3, ¶ 9) and then again in its conclusion (id. at 6), Ojeda was still employed by Le Bistro at the time of his deposition (Docket No. 51, at 11, ¶ 66; Docket No. 63, at 8, ¶ 66), and no arguments have been made that he was the victim of a retaliatory termination.

CIVIL 05-2294 (DRD) (JA)                    4

Having considered the arguments of the parties, the evidence presented, and for the reasons set forth below, I recommend that Conquistador's motion for summary judgment be GRANTED in relation to plaintiffs' claims of retaliatory discharge except as to plaintiff Canales, and that it be otherwise DENIED.

I.  BACKGROUND

As stated, the plaintiffs were employed at Le Bistro at all relevant times. Le Bistro had a policy of automatically including a twenty-percent (20%) "service charge" on customers' bills, of which the restaurant would keep twenty-five percent (25%) and of which it would distribute the remaining seventy-five percent (75%) to its employees.

In addition to this service charge, customers were free to leave an additional amount, adding such to a separate line labeled "gratuity." (Docket No. 51, at 2, ¶ 5; Docket No. 63, at 2, ¶ 5; see also Docket No. 51-2, at 18-20.) Conquistador never retained any portion of the amounts added as "additional" gratuity. (Docket No. 51, at 2, ¶ 6; Docket No. 63, at 2, ¶ 6.)

On December 14, 2005, the plaintiffs filed a complaint against Conquistador pursuant to the FLSA, 29 U.S.C. §§ 203(m), 203(t) and 215(a)(3), alleging the defendant illegally deducted twenty-five percent (25%) from their tips, illegally included amounts from a twenty percent (20%) service charge to customers as gratuities instead of salary in the plaintiffs' paychecks (Docket No. 1, at 4, ¶ 14),

CIVIL 05-2294 (DRD) (JA)                    5

and terminated plaintiffs Canales, Cachola, and Rodríguez-López in retaliation for their complaining of such.  (Docket No. 1, at 3, ¶¶ 8 & 9; at 4, ¶ 17; at 5, ¶¶ 22 & 23.)

On November 13, 2006, after some procedural back-and-forth (Docket Nos. 6, 7, 17, 19 & 20), Conquistador filed an answer to the complaint, denying the plaintiffs' claims and setting forth affirmative defenses.  (Docket No. 22.)

On October 24, 2007, Conquistador filed its motion for summary judgment and memorandum in support thereof (Docket No. 50) along with a statement of uncontested facts and attached exhibits.  (Docket No. 51.)

First, Conquistador argues that the disputed sums were not "tips" within the meaning of the FLSA, but rather "services charges."  (Docket No. 50, at 10-14.) Conquistador argues that whether a tip is to be given, and in which amount, is a matter solely determined by the customer and, in absence of an agreement between the recipient and a third party, the tip becomes the property of the person to whom the tip is presented.  (Id. at 6.)  A service charge, argues Conquistador, is imposed upon the customer by the employer, not the employees, and becomes part of the employer's gross receipts.  (Id. at 6-7.)  Conquistador argues that "an employer is under no obligation to turn over the entire amount of the service charge to the employee."  (Id. at 7.)

CIVIL 05-2294 (DRD) (JA)                    6

Second, Conquistador argues that plaintiffs Canales, Cachola, Rodríguez-López and Rodríguez-Millán[3] cannot establish a *prima facie* case of retaliatory discharge because the complaints they made to Conquistador managers and directors were protected activity under the FLSA.  (Id. at 14-15.)

Third, Conquistador argues that even if the plaintiffs' complaints to their supervisors were enough to constitute protected activity under the FLSA, the plaintiffs have not presented evidence establishing a causal connection between the complaints and their terminations.  (Id.)

Fourth, Conquistador argues that the plaintiffs were terminated for legitimate reasons.  (Id. at 15-16.)  Conquistador alleges Canales was terminated for violation of the House Rules, including falsification of records, unlawful and immoral conduct and failure to comply with Hotel policies and procedures (id. at 16); Cachola was terminated because he did not follow proper procedures while making a guest check (id. at 17); Rodríguez-López was terminated for "serving guests certain items and not charging them for them" (id. at 17-18); and Rodríguez-Millán was terminated for chronic absenteeism.  (Id. at 18.)

---

[3] Although Rodríguez-Millán's claim of retaliatory discharge was not included in the complaint and no amended complaint has been filed, Federal Rule of Civil Procedure 15(b)(2) provides that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."  Therefore, Rodríguez-Millán's claim of retaliatory discharge may be adjudicated.

CIVIL 05-2294 (DRD) (JA)                 7

On December 10, 2007, the plaintiffs filed a response in opposition to Conquistador's motion for summary judgment (Docket No. 61), a memorandum of law in support thereof (Docket No. 62), and an opposition to Conquistador's statement of uncontested material facts along with additional material facts. (Docket No. 63.)

First, the plaintiffs contend that the disputed sums were tips, and not service charges, because these were not compulsory as required by the Department of Labor regulations.  (Docket No. 61, at 2, ¶ 4.)

Second, the plaintiffs argue that their informal complaints regarding the alleged withholding of tips is a protected activity which establishes a *prima facie* case of retaliatory discharge.  (Id. at 4, ¶¶ 10-11.)

Third, the plaintiffs argue that the fact that they were terminated "in complete disregard of defendant's Employee Manual" reveals that the disciplinary actions taken against them were retaliatory in nature.  (Id. at 4-5, ¶ 13.)

On January 10, 2008, Conquistador filed a reply to the plaintiffs' response in opposition (Docket No. 70) along with a reply to the plaintiffs' response to its statement of uncontested material facts.  (Docket No. 69.)

On April 14, 2008, this case was referred to me for a report and recommendation on Conquistador's motion for summary judgment and all other related pending motions.  (Docket No. 72.)

CIVIL 05-2294 (DRD) (JA)                    8

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To succeed on a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has brought a properly supported motion for summary judgment, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial and that a trier of fact could reasonably find in the non-movant's favor.  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).  A party cannot discharge said burdens by relying upon "conclusory allegations, improbable inferences, and unsupported speculation." López- Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000) (quoting Morris v. Gov't Dev. Bank of P.R., 27 F.3d 746, 748 (1st Cir. 1994)).

The court must view the facts in light most favorable to the nonmoving part, drawing all reasonable inferences in that party's favor.  See Patterson v. Patterson, 306 F.3d 1156, 1157 (1st Cir. 2002).  A fact is material if it has the potential to affect the outcome of the case under applicable law. Nereida-González v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

CIVIL 05-2294 (DRD) (JA)                    9

### III.  DISCUSSION

#### A.  The Disputed Sums

Conquistador argues it assessed its customers a bona fide service charge, and, in support thereof, points to (1) language on the menu informing customers of the charge (Docket No. 50, at 10; Docket No. 51, at 1, ¶ 2); (2) three different plaintiffs' testimony that the fee was compulsory (Docket No. 50, at 10; Docket No. 51, at 6, ¶ 33; at 7, ¶ 38; at 10, ¶ 59); (3) the fact that the charge could only be removed at the discretion of a supervisor or a manager (Docket No. 50, at 11); and (4) the plaintiffs' expert, Ronaldo Sanabria, who was Director of the Wages and Hours Division of the Federal Department of Labor for fifteen years (Docket No. 65-3, at 56:4-7), stated that while no entries for service charges were in the earnings statements, "he does not rule out the possibility that they were service charges."  (Docket No. 50, at 13.)  These allegedly uncontested facts, argues Conquistador, render the issue of whether the fee assessed was a tip or a service charge a matter of law.  I disagree.

At the heart of this matter is whether the service charge Conquistador added to the bill at its Le Bistro restaurant was compulsory.  Department of Labor regulations provide that:

> A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its

CIVIL 05-2294 (DRD) (JA)                    10

> amount, are matters determined solely by the customer,
> and generally he has the right to determine who shall be
> the recipient of his gratuity.

29 C.F.R. § 531.52.  "A *compulsory* charge for service, such as 10 percent of the

amount of the bill, imposed on a customer by an employer's establishment, is not

a tip and, even if distributed by the employer to his employees, cannot be counted

as a tip received in applying the provisions of section 3(m) and 3(t)."  29 C.F.R.

§ 531.55 (emphasis added).

First, the language on the menu informing Le Bistro's customers of the

service charge does not establish that the fee met the requirements for a "service

charge."  The menu provided by the defendant simply states: "A 20% service

charge will be added[.]" (Docket No. 51-2, at 16.)  Plaintiffs have provided a wine

list which states "For your convenience, a 20% service charge will be added to the

check." (Docket No. 65-2, at 2.)  As the plaintiffs point out, the menu does not

state the fee is compulsory.  (Docket No.  63, at 1, ¶ 2.)

Second, contrary to what Conquistador alleges, only one plaintiff,

Montezuma, testified in his deposition that he thought the fee was compulsory.

(Docket No. 51, at 10, ¶ 59.)  Conquistador cited Cachola and Rodríguez-López'

depositions in support of its contention, but neither of those two plaintiffs testified

the fee was compulsory.  The cited portion of Cachola's deposition shows he

testified that the customers could leave an "additional tip." (Docket No. 51, at 6,

CIVIL 05-2294 (DRD) (JA)                    11

¶ 33; Docket No. 51-3, at 6:16-20.)  In the cited portion of Rodríguez-López' deposition, Rodríguez-López testified to the contrary, stating that "if a guest complained about paying . . . the twenty percent, we could take it out of the check[.]" (Docket No. 51-3 at 24:1-3.)  This evidence on its own – contradictory testimony – without even considering the plaintiffs' rebuttal, presents an issue of material fact.  Moreover,  plaintiffs present several sets of deposition testimony stating that the service charge could be removed if the customer did not agree with the amount.  (Docket No. 65-2, at 9-13, 53; Docket No. 65-3, at 11.)

Third, Conquistador's argument that the fee was not compulsory because only a supervisor or manager could remove it still misses the mark.  That argument on its face shows that the fee was not compulsory: if a customer did not want to pay the fee, then she or he could have the manager remove it.  The deposition testimony provided by the plaintiffs again establishes an issue of material fact.  Several sets of testimony state that the waiters were at liberty to remove the service charge if the customer did not agree with it.  (Docket No. 65-2, at 9-13, 53.)  Only one deposition stated that the supervisor or manager had the authority to remove the service charge.  (Docket No. 65-3, at 11.)  Again, this contradicting testimony creates an issue of material fact.

Last, Conquistador's claim that Sanabria's testimony somehow evinces the fact that the fee was a service charge and not a tip is misguided.  Sanabria

CIVIL 05-2294 (DRD) (JA)                    12

testified there were no entries for service charges in Conquistador's earning statements.  (Docket No. 50, at 13; Docket No. 51, at 12.)  Sanabria testified he relied on the defendant's records to justify his assertion and saw no reason why Conquistador would withhold records that showed otherwise.  (Docket No. 51-4, at 32:1-25.)  These statements do not support Conquistador's contention that the fee it charged its customers was compulsory.

Therefore, because Conquistador has not met its burden of showing that the plaintiffs cannot support a claim under the 29 U.S.C. §§ 203(m) and (t), and it is apparent there are issues of material fact present, summary judgment cannot be granted as to those claims.

B.  Retaliatory Discharge

Conquistador claims that plaintiffs Canales, Cachola, Rodríguez-López and Rodríguez-Millán cannot support a claim of retaliatory discharge because (1) their "informal" complaints to their supervisors about the service charges were not activities protected by the framework set out for a claim of retaliatory discharge (Docket No. 50, at 14-15); (2) even if those complaints meet the standard for protected activities, the plaintiffs cannot establish a causal connection between the complaints and their discharge (id. at 15); and (3) these plaintiffs were discharged for legitimate reasons.

The FLSA provides that:

CIVIL 05-2294 (DRD) (JA)                  13

> [I]t shall be unlawful for any person . . . to discharge or
> in any other manner discriminate against any employee
> because such employee has filed *any* complaint or
> instituted or caused to be instituted any proceeding under
> or related to this chapter, or has testified or is about to
> testify in any such proceeding, or has served or is about
> to serve on an industry committee[.]

29 U.S.C. § 215(a)(3) (emphasis added).

In order to establish a *prima facie* case under that statute, plaintiffs must show that "(1) the plaintiff engaged in a statutorily protected activity, and (2) his employer thereafter subjected him to an adverse employment action (3) as a reprisal for having engaged in protected activity."  Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 102 (1st Cir. 2004) (citing Blackie v. Maine, 75 F.3d 716, 722 (1st Cir. 1996)).

Statements by supervisors carrying the inference that the supervisor harbored animus against protected classes of people or conduct are clearly probative of pretext[.]" Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 171 (1st Cir. 1998) (citations omitted).

"Where . . . there is no direct evidence of the defendant's retaliatory animus[] the McDonnell Douglas burden-shifting framework is used to allocate and order the burdens of producing evidence." Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 827

CIVIL 05-2294 (DRD) (JA)                14

(1st Cir. 1991) (explaining the interplay between summary judgment and burden-shifting)).

If a plaintiff can establish a *prima facie* case, "the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for its employment decision." Fennell v. First Step Designs, Ltd., 83 F.3d at 535 (citing Mesnick v. Gen. Elec. Co., 950 F.2d at 827). "This entails only a burden of production, not a burden of persuasion; the task of proving discrimination remains the claimant's at all times." Mesnick v. Gen. Elec. Co., 950 F.2d at 823 (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). "If this is accomplished, the ultimate burden falls on the plaintiff to show that the employer's proffered reason is a pretext[.]" Mesnick v. Gen. Elec. Co., 950 F.2d at 827 (citing Dominic v. Consol. Edison Co., 822 F.2d 1249, 1254 (2d Cir. 1987)).

Once that burden has been met, "*the ultimate burden falls on the plaintiff*" to show that the proffered reason is pretext and that the adverse employment decision was the result of the defendant's retaliatory animus. Fennell v. First Step Designs, Ltd., 83 F.3d at 535 (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993)) (emphasis added) . "[C]ourts confronted by summary judgment motions must *at this point* focus on the ultimate question, scrapping the burden-shifting framework in favor of considering the evidence as a whole." Mesnick v. Gen. Elec. Co., 950 F.2d at 827 (collecting cases) (emphasis added).

CIVIL 05-2294 (DRD) (JA)                    15

1.  Statutorily Protected Activity

Conquistador asserts that the plaintiffs' complaints to Human Resources or their managers about the withheld sums were too informal to meet the FLSA requirements.  That contention is incorrect.

While there is a circuit split in what kind of complaint is sufficient to make a *prima facie* case of retaliatory discharge, the First Circuit has found that section 215(a)(3), "embraces all types of complaints, including those that might be filed with an employer."  Valerio v. Putnam Assoc. Inc., 173 F.3d 35, 42 (1st Cir. 1999) (explaining that "if 'filed any complaint' were read to encompass only filings with a court or government agency, one would wonder why the additional language 'or instituted or caused to be instituted any proceeding under or related to this chapter' was inserted.  The latter words become surplusage if the former means only the filing of in-court or in-agency complaints.").  Therefore, the plaintiffs' complaints concerning the withheld sums were statutorily protected.

Conquistador argues that Claudio-Gotay v. Becton Dickinson Caribe, Ltd. should persuade the court to find the opposite, but does not argue why such a finding is appropriate.  (Docket No. 50, at 8.)  In that case, the First Circuit held that the plaintiff's informal complaint did not rise to the level of a protected activity because such complaints were in furtherance of the plaintiff's job responsibilities.  Id. at 102.  Conquistador does not argue that plaintiffs'

CIVIL 05-2294 (DRD) (JA)                16

complaints in this case were somehow related to their job responsibilities. Therefore, <u>Claudio-Gotay v. Becton Dickinson Caribe, Ltd.</u> is not persuasive.

### 2.  Causality

Conquistador argues that Canales, Cachola, Rodríguez-López and Rodríguez-Millán cannot establish a *prima facie* case of retaliatory discharge because they cannot establish a causal link between their complaints and their dismissals.  I agree inasmuch as plaintiffs' argument as to why a casual link existed between Canales, Cachola, Rodríguez-López and Rodríguez-Millán's complaints and their dismissals is fatally flawed.  However, independent of this flawed argument, I find there is sufficient evidence to establish a causal link between Canales' complaints and his dismissal.

### a.  Plaintiffs' *Prima Facie* Argument

The plaintiffs argue they have fulfilled their *prima facie* obligations regarding causality because their "Additional Statement of Facts reveals that the disciplinary actions taken against these plaintiffs were clearly retaliatory and disproportionate in nature."  (Docket No. 62, at 16.)

This contention is flawed in two different ways.  First, there is no legal foundation on which plaintiffs can base such a claim.  While plaintiffs contend that "retaliation has been found when employers . . . disciplined employees out of proportion to past disciplinary practices" (<u>id.</u> at 13), they provide no citation for

CIVIL 05-2294 (DRD) (JA)                17

such a proposition.  (See id. at 13-17.)  Such a contention cannot be given any

merit.  See Local Rules of the United States District Court for the District of Puerto

Rico, Rule 7.1(a) (ed. 2004) (requiring "citations and supporting authorities");

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[i]t is not enough

merely to mention a possible argument in the most skeletal way, leaving the court

to do counsel's work, create the ossature for the argument, and put flesh on its

bones.").

Plaintiffs also propose that "to what extent the employer conducted an

investigation before discharge and if such discharge was a departure from the

employer's normal policies and practices" may be used to determine if an

employee's discharge was motivated by retaliation.  (Docket No. 62, at 18.)  In

support of such a proposition, plaintiffs cite, Vaughn v. Edel, 918 F.2d 517 (5th

Cir. 1990), and Spulak v. Kmart Corp., 894 F.2d 1150 (10th Cir. 1990).  Neither

of those cases is controlling in this district.

Second, even if plaintiffs had a legal foundation to support their contention

that retaliatory discharge may be inferred where an employer's disciplinary actions

are a departure from its normal practices, plaintiffs have not provided any

evidence showing that such departures existed in this case.  In other words,

plaintiffs have not shown that the procedures Conquistador used to dismiss

Canales, Cachola, Rodríguez-López and Rodríguez-Millán were outside the norm.

CIVIL 05-2294 (DRD) (JA)                    18

Plaintiffs point to Conquistador's failure to "submit its Employment Manual to establish that the alleged actions violated the disciplinary rules or even as an attempt to demonstrate that its disciplinary procedures were followed according to the established progressive disciplinary norms." (Docket No. 62, at 16.)

The plaintiffs' argument is misplaced:  the burden lays with the plaintiffs, not Conquistador. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Fennell v. First Step Designs, Ltd., 83 F.3d at 535.  If the plaintiffs seek to show that Conquistador's method of termination fell outside of the normal procedures established by the Employment Manual, plaintiffs have the burden of submitting the Employee Manual and spelling out the argument.

Not only does Conquistador not have the burden in this initial step, but its burden in the following step of the burden-shifting analysis is only of *production*, not *persuasion*. Texas Dept. of Affairs v. Burdine, 450 U.S. at 253.  Conquistador need only articulate, not prove, a non-retaliatory reason for the plaintiffs' dismissal. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990).  Therefore, even if the plaintiffs did establish causality in their *prima facie* case – whether by their chosen argument or otherwise – Conquistador would not be under a duty to produce the Employee Manual to prove their proffered reasons for termination were legitimate.  In fact, that duty would still lay with the

CIVIL 05-2294 (DRD) (JA)                    19

plaintiffs, who bear the "ultimate burden" of proving that Conquistador's proffered

reasons are pretext.  Fennell v. First Step Designs, Ltd., 83 F.3d at 535.

Therefore, plaintiffs' argument that retaliation on Conquistador's part may

be inferred because it did not follow normal procedures for dismissing Canales,

Cachola, Rodríguez-López and Rodríguez-Millán is ineffectual.

b.  Other Evidence

In regards to Canales, there is sufficient evidence to infer that he was

dismissed in retaliation for his complaints about the service charge.  First, Canales

testified that Alex Rodríguez, Conquistador's Food and Beverage Director, told

Canales to "stop complaining about the twenty-five percent (25%), or you will

lose your job." (Docket No. 65-2, at 24:21-25:16.)  Such statements create an

inference that Canales' supervisors harbored animus against him for his protected

activities, and alone establishes a *prima facie* case of retaliation.  Hodgens v. Gen.

Dynamics Corp., 144 F.3d at 171; see also  DeCintio v. Westchester County Med.

Ctr., 821 F.2d 111, 115 (2d Cir. 1987)  ("Proof of causal connection can be

established . . . directly through evidence of retaliatory animus directed against

a  plaintiff  by  the  defendants") (citing  Hochstadt  v.  Worcester  Found.  for

Experimental Biology, Inc., 425 F. Supp. 318, 328-29 (D. Mass.) aff'd, 545 F.2d

222 (1st Cir. 1976)).

CIVIL 05-2294 (DRD) (JA)                    20

Second, Canales testified that on or about May, 2004, he spoke to Jay Francis, manager of Las Casitas and explained to him that the hotel was retaining part of the waiters' tips.  (Docket No. 65-2, at 21:23-22:9.)   Canales was terminated June 28, 2004.  Involvement in a protected activity followed closely by termination raises an inference that the discharge was retaliatory.  Oliver v. Digital Equip. Corp., 846 F.2d 103, 110 (1st Cir. 1988) (citing DeCinto v. Westchester County Med. Ctr., 821 F.2d at 115).

Finally, it is uncontested that Canales' termination stemmed from his redistributing the service charge in order to avoid giving Conquistador its twenty-five percent. (Docket No. 50, at 16; Docket No. 51, at 3, ¶ 9; Docket No. 51-2, at 28; Docket No. 63, at 2, ¶ 9.)  On June 18, 2004, Canales prepared and signed a statement admitting he redistributed the service charge, but that such had been done at the direction of Alfredo Arroyo, who promised that if Canales fixed the service problem at Le Bistro, then Arroyo would fix the tip problem. (Docket No. 51-2, at 28.)

The timing of Canales' termination, his testimony that he was told to stop complaining or he would lose his job, combined with Conquistador's proffered reasons for his discharge, which revolved around the Canales' actions concerning the service charges, create an inference that Conquistador terminated Canales in retaliation for his complaints about the service charge.

CIVIL 05-2294 (DRD) (JA)                    21

Plaintiffs have provided no such evidence for Cachola, Rodríguez-López or Rodríguez-Millán.  First, unlike Canales, there is no evidence in the record that any supervisor told Cachola, Rodríguez-López or Rodríguez-Millán they would be terminated if they continue to complain about the service charge.

Second, plaintiffs have not provided evidence of the proximity of Cachola, Rodríguez-López and Rodríguez-Millán's complaints about the service charge to their dates of dismissal.  See Oliver v. Digital Equip. Corp., 846 F.2d at 110 (holding retaliation maybe inferred from proximity of protected activity to dismissal).  While Cachola, Rodríguez-López and Rodríguez-Millán all testified they complained about the service charge on a regular basis (Docket No. 65-2, at 55:18-24; 58:16-21; Docket No. 65-3, at 13-15, 28), plaintiffs have provided no case law to support a finding that the frequency of an employee's protected conduct can establish a causal link between such complaints and their dismissal. United States v. Zannino, 895 F.2d at 17.

Finally, unlike with Canales, documentary evidence shows Conquistador's reasons for dismissing Cachola, Rodríguez-López and Rodríguez-Millán, do not stem from their complaints about the service charge.  Cachola was terminated for absenteeism and failure to follow proper procedures while making a guest check. (Docket No. 51-3, at 19 & 21; Docket No. 51-4, at 49.)  Rodríguez-López was terminated for serving customers food and drinks for which they allegedly did not

CIVIL 05-2294 (DRD) (JA)                    22

pay.  (Docket No. 51-3, at 30, 32; Docket No. 51-5, at 2.)  Rodríguez-Millán was

terminated for absenteeism.  (Docket No. 51-3, at 43-49; Docket No. 51-4, at 3,

7.)

     Although plaintiffs have presented evidence showing Conquistador reasons

for dismissing Cachola, Rodríguez-López and Rodríguez-Millán may have been

mistaken (Docket No.  65-1, at 38, 40, 42, 43:10-24, 45:1-19; Docket No. 65-2,

at 6-9, 39:4-15, 41:16-21, 43, 45-46), they have not shown that such dismissals

were in disregard of Conquistador's Employee Manual or in some way different

than Conquistador's past dismissal procedures.  It bears repeating that plaintiffs

have  not  provided  a  legal  basis  to  support  that  such  a  finding  would  infer

Conquistador retaliated against the plaintiffs for their complaints.  (See supra at

16-19.)

     Therefore, plaintiffs have not established prima facie evidence that Cachola,

Rodríguez-López  or  Rodríguez-Millán  were  discharged  in  retaliation  for  their

complaints about the service charge.

                              c.  LAW 80

     Plaintiffs propose that the mandates of Law 80 of May 30, 1976, P.R. Laws

Ann. tit 29, §§ 185a et seq. ("Law 80"), should apply to plaintiffs' claims of

retaliatory discharge.  (Docket No. 62, at 17.)  Law 80  governs indemnity to

employees who have been discharged without cause and lists what entails such

CIVIL 05-2294 (DRD) (JA)                23

discharge.  P.R. Laws Ann. tit. 29, §§ 185a, 185b.  Plaintiffs have not proffered an argument or cited a case explaining why the definition of "discharge without cause" provided in Law 80 should be applied to plaintiffs claims of retaliatory discharge.  Therefore, Law 80 is inapplicable.

### IV.  CONCLUSION

In view of the above, I find that Conquistador has not shown that the "service charges" it added to its customers' bills were compulsory as required by Department of Labor regulations, and therefore were not bona fide.  Therefore, I recommend summary judgment be DENIED as to those claims.

I find that plaintiffs have established a *prima facie* case of retaliatory discharge as to Canales, inasmuch as Canales was told he could lose his job for complaining about the service charges, was terminated shortly after complaining of such, and the reasons for his discharge revolved around his protected activity. Therefore, I recommend summary judgment be DENIED as to that claim.

I find that the plaintiffs cannot establish a claim of retaliatory discharge as to plaintiffs Cachola, Rodríguez-López and Rodríguez-Millán, inasmuch as those plaintiffs cannot establish a causal connection between their complaints about the service charges and their terminations.  Therefore, I recommend summary judgment be GRANTED as to those claims.

CIVIL 05-2294 (DRD) (JA)                    24

Therefore, it is my recommendation that Conquistador's motion for summary judgment be GRANTED in part and DENIED in part.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 23d day of June, 2008.


S/ JUSTO ARENAS
Chief United States Magistrate Judge