IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUSTIN CACHOLA-BONILLA, et al.,<br><br>Plaintiff(s),<br><br>WYNDHAM EL CONQUISTADOR<br>RESORT & COUNTRY CLUB,<br><br>Defendant(s). | Civil No. 05-2294 (DRD) |

**ORDER**

Pending before the Court is a *Motion For Summary Judgment* filed by defendant Wyndham El Conquistador Resort & Country Club ("El Conquistador") (Docket entries No. 50, 51); plaintiff's opposition thereto (Docket entries No. 61, 62, 63), and defendant's reply to plaintiffs' opposition to defendant's motion for summary judgment (Docket entries No. 69, 70).

INTRODUCTION

Plaintiffs, Justin Cachola Bonilla ("Cachola"), Juan Canales Medina ("Canales"), Juan R. Ojeda ("Ojeda"), Melvin Rodríguez López ("Rodríguez-López"), Julio Rodríguez Milland ("Rodríguez-Milland"), and Juan C. Moctezuma ("Moctezuma" or collectively "plaintiffs"), allege that their employer El Conquistador had illegally deducted twenty-five percent (25%) from their tips, in violation of provisions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 215. Plaintiffs further claim that El Conquistador has taken retaliatory adverse employment actions against them for having complained about the above described unlawful practice under the FLSA. Plaintiffs claim back pay for the amounts improperly deducted from their tips, retroactive to three (3) years from the "filing of the complaint . . . in an amount not less than $20,748.00 to each plaintiff and [an] equal amount as liquidated damages; and for plaintiffs JCB [Cachola] and JRO [Ojeda] who

were terminated in retaliation for claiming their rights, back pay of wages from date of termination, as well as front pay, and the cost of any other employment benefits and, an equal amount as liquidated damages, a reasonable amount in attorney's fees, the costs of this action, and pre and post judgment interest at the prevailing rate." [1] *See Complaint* (Docket No. 1).

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were employed at Le Bistro Restaurant ("Le Bistro"), located in the area known as Las Casitas of El Conquistador Hotel Complex in Fajardo, Puerto Rico. On December 14, 2005, plaintiffs filed (Docket No. 1) the instant action requesting relief under federal law, specifically under the FLSA, as their employer El Conquistador "illegally deducted twenty-five percent (25%) from their tips, illegally [sic] included amounts from a twenty percent (20%) service charge to customers as gratuities instead of salary in plaintiffs' paychecks" (Docket No. 75 at page 4), and [further] terminated plaintiffs Canales, Cachola, and Rodríguez-López in retaliation for their complaining of such [illegal activity]" (Docket No. 75 at page 5). Plaintiffs allege that the termination of Cachola, Canales and Rodríguez-López was in retaliation for their complaints as to the questionable policy implemented by El Conquistador.

On October 24, 2007, El Conquistador filed a *Motion For Summary Judgment (Docket No. 50)* together with a statement of uncontested facts, (Docket No. 51), arguing that: (a) the amount of 25% withheld by defendant was not to be considered as tips, but as a service charge, which is a perfectly legal deduction under the FLSA; and (b) plaintiffs cannot prove a retaliation action, as they were discharged for just cause.

---

[1] Canales, Rodríguez-López, and Rodríguez-Millan also later alleged they suffered retaliatory termination for claiming their rights under the FLSA.

On December 10, 2007, plaintiffs opposed, and argued that the alleged service charge claimed by El Conquistador does not meet the definition of service charge under the FLSA, and that plaintiffs have established a *prima facie* case of retaliation termination, as the facts show that their termination was not for just cause.

On January 10, 2008, El Conquistador replied, Docket No. 70, and alleged that plaintiffs, not the defendant, have the burden of showing the causal link between termination and retaliation, and plaintiffs failed to meet this burden.

The *Motion For Summary Judgment* (Docket No. 50), as well as all related motions were referred to the United States Chief, Magistrate Judge Just Arenas ("Magistrate Judge") for report and recommendation (Docket entries No. 72, 73). The *Report and Recommendation* was filed on June 23, 2008 (Docket No. 75). The objections to the *Report and Recommendation* were filed on July 11, 2008, with leave of Court. *See* Docket entries No. 76, 77 and 78. The record shows that plaintiffs did not object to the *Report and Recommendation*.

In the *Report and Recommendation*, the Magistrate Judge recommended that El Conquistador's *Motion For Summary Judgment* be granted in part and denied in part. The Magistrate Judge's recommendations are:

1. El Conquistador has not shown that the "service charges" added to its customers' bills were compulsory in nature to be paid by clients as required by Department of Labor regulations, and therefore were not *bona fide*. The Magistrate Judge recommends that summary judgment be denied as to the claims related to the service charge. *See* Docket No. 75 at page 23.

2. Plaintiffs have established a *prima facie* case of retaliatory discharge as to Canales

3

only, as Canales was forewarned that his job was at risk if he continued complaining of the service charge. Canales was terminated shortly thereafter for complaining of the service charges, and the reasons for his termination stem from his protected activity. The Magistrate Judge recommended the court that summary judgment be denied as to the Canales' retaliation claim. *See* Docket No. 75 at page 23.

3. Plaintiffs failed to establish a claim of retaliatory discharge as to plaintiffs Cachola, Rodríguez-López and Rodríguez-Millán, as they failed to establish a causal connection between their complaints about the service charge and their terminations. Further, plaintiff failed to prove El Conquistador's articulated valid non discriminatory disciplinary reason was a sham or a pretext for discrimination. Fennell v. First Step Designs, 83 F.3d 526, 535 (1st Cir. 1996). The Magistrate Judge recommended that summary judgment be granted as to the retaliation claims of Cachola, Rodríguez-López and Rodríguez-Millán. The Court incorporates the Magistrate Judge's clarifications as to Ojeda, included in the *Report and Recommendation* as footnote 2.[2] *See* Docket No. 75 at page 23.

Hence, since plaintiffs Cachola, Rodríguez-López and Rodríguez-Millán were unable to establish a retaliatory discharge claim, the Magistrate Judge found that Law 80, 29 L.P.R.A. §§ 185a *et seq*., is inapplicable. For the reasons set forth below, the *Report and Recommendation* issued by the Magistrate Judge is confirmed and adopted *in toto*, except that the claim as to Law 80 under 29

---

[2]   [Ft. 2, Report and Recommendation, Docket No. 75] "While Ojeda is identified as one of the terminated defendants in the body of the complaint (Docket No. 1, at 3, ¶ 9) and then again in its conclusion (id. at 6), Ojeda was still employed by Le Bistro at the time of his deposition (Docket No. 51, 11, ¶ 66; Docket No. 63, at 8, ¶ 66), and no arguments have been made that he was the victim of a retaliatory termination."

LPRA 185 is dismissed without prejudice but on alternate grounds.³

The Court incorporates *in toto* except as to the Law 80 claims the factual findings made by the Magistrate Judge in his *Report and Recommendation* (Docket No. 75 at pages 4-7).

STANDARD FOR REVIEW

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); Local Civil Rule 72(a) of the Local Rules of the United States District Court for the District of Puerto Rico ("L.Civ.R."). *See Mathews v. Weber*, 423 U.S. 261 (1976). An adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Fed.R.Civ.P. 72(b) and L.Civ.R. 72(d). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

(Emphasis ours).

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F. 2d 245, 247

---

³ The Court is mindful that it is not a rubber stamp of the recommendations made by the Magistrate Judge. However, in the instant case, the Court finds that plaintiffs' objections, aside from rehashing the same arguments raised in their opposition to summary judgment, do not persuade the Court to rule differently from the findings made by the Magistrate Judge except as to the Law 80 matter which is dismissed without prejudice as there are no allegations in the complaint as to Law 80 under 29 LPRA 185 et sec. wherein **the employer** and not the employee, contrary to a federal discrimination in employment case, carries the burden of proof under 29 LPRA 185(b).

(1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court, and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F. 2d 22, 30-31 (1st Cir. 1992). *See also Sands v. Ridefilm Corp.*, 212 F.3d 657, 663 (1st Cir. 2000); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See also United States v. Valencia*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980). The Court, in order to accept the unopposed R & R, needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. See *Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir., 1996)(en banc)(extending the deferential "plain error" standard of review to the un objected legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir., 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R., 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa., 1990)("when no objections are filed, the district court

need only review the record for plain error.") The standard for an objected Report and Recommendation is de novo as to those issues that are properly objected. *Borden v. Secretary of H.H.S.*, 836 F.2d at 6.

THE SUMMARY JUDGMENT STANDARD

Generally, "[s]ummary judgment is appropriate when the facts properly supported by the record and taken in the light most favorable to the non-moving party 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Latin American Music Co., Inc., et al. v. The Archdiocese of San Juan of the Roman Catholic & Apostolic Church, et al.*, 499 F.3d 32, 38 (1st Cir. 2007); *Torres-Negrón v. Merck & Company, Inc., et al.*, 488 F.3d 34, 39 (1st Cir. 2007) (a sex discrimination claim in the workplace, including averments as to disability, retaliation, and hostile work environment under Title VII, as well as other causes of action under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), together with state supplemental claims).

"The object of summary judgment is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" *Davila v. Corporacion de Puerto Rico Para La Difusison Publica*, 498 F.3d 9, 12, (1st Cir. 2007), citing from *Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 7 (1st Cir. 2004) (quoting *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992). In *Davila*, 498 F.3d at 12, an age discrimination case under both the ADEA, and Puerto Rico law, the Court further held:

> Thus, summary judgment is appropriate only when the record "show[s] **that there is no genuine issue as to any material fact** and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> For this purpose, an issue is genuine if a reasonable jury could resolve the point in favor of the nonmoving party. *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000). By like token, a fact is material if it has the potential to determine the outcome of the litigation. *See Calvi v. Knox County,* 470 F.3d 422, 426 (1st Cir. 2006). Where, as here, the nonmovant has the burden of proof and the evidence on one or more of the critical issues in the case "is ... not significantly probative, summary judgment may be granted." *Acosta*, 386 F.3d at 8 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986)).[4] (Emphasis ours.)

When reviewing *de novo*, the court "must scrutinize the evidence in the light most agreeable to the nonmoving party, giving that party the benefit of any and all reasonable inferences." *Noviello v. City of Boston*, 398 F.3d 76, 84 (1st Cir. 2005), citing *Cox v. Hainey*, 391 F.3d 25, 27 (1st Cir. 2004). "[T]he nonmovant bears 'the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe.'" *Noviello*, 398 F.3d at 84, citing *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). *See also*, *Davila,* 498 F.3d 9. "Those facts, typically set forth in affidavits, depositions, and the like, must have evidentiary value; as a rule, '[e]vidence that is inadmissible at trial, such as, inadmissible hearsay, may not be considered on summary judgment." *Noviello*, 398 F.3d at 84, citing *Vázquez v. López-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998); *accord Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990). "The evidence presented by the non-moving party may not be 'conclusory allegations, improbable inferences, [or] unsupported speculation.'" *Torres-Negrón v. Merck & Company, Inc., et al.*, 488 F.3d at 39, citing *Medina-*

---

[4] The court sees no reason not to apply the standard requiring that there not be present a "material fact" for the court to issue a summary judgment to the current Fair Labor Standard wage claim and statutory retaliation claim under the FLSA. After all absence of a material fact is one of the **sine qua non requirements of a summary judgment.** Anderson v. Liberty Lobby, 477 US at 249-250. ("it is clear enough from our recent cases that at summary judgment stage the judges' function is not himself to weight the evidence and determine the truth of the matter but to determine whether there is a genuine use for trial. . . The trial judge shall then grant summary judgment **if there is no genuine issue as to any material fact** and if the moving party is entitled to judgment as a matter of law."(Emphasis ours.)

8

*Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

Generally, the court is precluded from granting summary judgment when there is a question of motive or intent regarding the conduct of any of the parties involved. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000), and *Stephanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 928 (1st Cir. 1983). *Mulero-Rodríguez v. Ponte, Inc.* 98 F.3d 670, 677 (1st Cir. 1996) (issues of motive and intent as to the conduct of any party will normally preclude the court from granting summary judgment); *Dominguez-Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 433 (1st Cir.2000). In any event, only preponderance of the evidence using direct or circumstantial evidence is required to prove employment discrimination or retaliation. *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 31 (1st Cir. 2003).

The court is further precluded under summary judgment to perform credibility determinations and/or weighing of the evidence. *Anderson v. Liberty Lobby,* 477 U.S. at 249-250, N. 4 infra.


ANALYSIS

In the instant case, El Conquistador alleges that the Magistrate Judge's erred on the following findings: (a) whether the fee assessed was a tip or a service charge is not a matter of law (*Report and Recommendation*, Docket No. 75 at pages 9-12, and defendant's *Objections To Magistrate Judge's Report And Recommendation* ("Objections"), Docket No. 78 at pages 3-4); (b) the language used in El Bistro's menu does not establish that the fee assessed meets the requirements of "service charge" under the Regulations of the Department of Labor (*Report and Recommendation*, Docket No. 75 at pages 9-12, and defendant's *Objections*, Docket No. 78 at pages 5-6); (c) the fact that the service

charge may be removed by a supervisor or a manager shows that the fee was not compulsory (*Report and Recommendation*, Docket No. 75 at pages 9-12, and defendant's *Objections*, Docket No. 78 at pages 6-8); (d) Mr. Ronaldo Sanabria's expert witness testimony does not discard that the fee assessed was a tip instead of a service charge, as there were no entries for services charges in El Conquistador's earning statements (*Report and Recommendation*, Docket No. 75 at pages 9-12, and defendant's *Objections*, Docket No. 78 at pages 6-10); and, (e) there is sufficient evidence to properly infer that Canales was dismissed in retaliation for his complaints about the service charge (*Report and Recommendation*, Docket No. 75 at pages 12-23, and defendant's *Objections*, Docket No. 78 at pages 10-12). The defendant further challenges plaintiffs' allegation as to willfulness extending the average of the complaint for three years. The Court is required to review *de novo* the challenged portions of the Report and Recommendation as defendant El Conquistador has made specific objections but only as to plain error those sections of the report that remain unobjected.

I.

COMPULSORY SERVICE CHARGE OR "TIP"

After a careful review of the record, the Court fully agrees with the analysis made by the Magistrate Judge based on the testimony and evidence submitted by plaintiffs regarding the alleged "service charge" as opposed to El Conquistador's argument regarding the compulsory nature of the fee, which pursuant to the regulations of the Department of Labor, are inapposite.

Plaintiffs have shown that the service charge was subject to change or could even be eliminated from the client's bill by El Bistro's manager, supervisor or an employee, if the client as much as questioned the fee. Plaintiffs also have produced probative evidence that the amount corresponding to the service charge fails to be included in the earning statements of El Conquistador

as an additional income. Hence, there is clearly an issue of material fact regarding the nature of the assessed fee, that is, whether it is a compulsory service charge or whether it is indeed a "disguised" tip. El Conquistador avers differently and consequently objects to the Magistrate Judge's finding, and further allege that the assessment of the service charge is a matter of law. The Court disagrees, and for the reasons set forth below incorporates and adopts herein the analysis made by the Magistrate Judge in the *Report and Recommendation* (Docket No. 75 at pages 9-12).

The court understands that there are genuine issue of material fact as found by the Magistrate Judge as to the nature of the tip, that is whether or not the tip is compulsory. The court briefly explains.

The Magistrate Judge concluded that "the language on the menu informing "Le Bistro" customers of the service charge does not establish that the fee met the requirements for a service charge" in compulsory fashion. "A 20% service charge shall be added". . ."As the plaintiff point out, the menu does not state that the fee is compulsory." (Docket No. 75, p. 10.) Further ". . .only one plaintiff Moctezuma testified in his deposition that he though the fee was compulsory. . ." El Conquistador cited Cachola and Rodríguez López's depositions in support of its contention, but neither of these two plaintiffs testified that the fee was compulsory. The cited portion of Cachola's deposition shows he testified that the customers "could leave an additional tip. . .[as to Rodríguez López, he stated] if a guest complained about pricing. . . the twenty percent we could take out of the check . . . Moreover, plaintiff present several sets of deposition testimony stating that the service charge could be removed if the customer did not agree with the amount." (Docket No. 75, p. 10-11.

Second, "Conquistador argument that the fee was not compulsory because only a supervisor or manager could remove [the tip]. . .misses the mark [because] . . . if a customer did not want to pay

11

the fee, then she or he could have the manager remove it [but] the deposition testimony provided by the plaintiffs again establishes an issue of material fact. Several sets of testimony [presented by plaintiffs] state that waiters were at liberty to remove the service if the customers did not agree. . . only one deposition stated that the supervisor or manager had the authority to remove the service charge. . .Again this contradicting testimony creates an issue of fact." Docket No. 75, p. 11.

Defendants lastly contends that plaintiff's witness Sanabria, former FLSA wage and hour executive in Puerto Rico, "somehow evinces the fact that the fee was a service charge and not a tip is misguided." But Sanabria "testified [that] there were no entries for service charges in Conquistador earning statements. . .Sanabria testified he relied on defendants' records to justify its assertion and saw no reason why Conquistador would withhold records that showed otherwise. . .; these statements do not support Conquistador's contention that the fee it charged its customers was compulsory."

The entire subject matter relating to whether the charge made to customers was a tip, not subject to the defendants retention, or constituted a "service charge" and in reality not a "tip", can not be disposed by the court on brevis disposition fashion as there are clearly issues of material facts in dispute.  In determining not to dispose of the case via summary judgment the court is particularly impressed with the fact that, on the one hand, the language contained at the menu tends to point the court toward a "service charge" but, on the other, the employer provides most of the proceeds to the employees signaling a tip. Further, the defendant insists that the customers were obligated to pay the "service charge" but the record contains evidence from various sources wherein exceptions were made. Further, there are no records by El Conquistador carrying in its books the matter as "a service charge."  Hence, the court ends with "material facts" in dispute which consequently bar a summary

12

judgment disposition as well as a matter that the court can not make credibility findings nor weight the evidence. *Anderson v. Liberty Lobby*, 477 U.S. at 249-250.

## II. THE RETALIATORY DISCHARGE

Plaintiff Justin Cachola, Canales, Ojeda, Rodríguez-López, and Rodríguez-Millan, have all claimed to be dismissed due to retaliation for exercising their rights under the FLSA.

The statute protects their rights pursuant to the following explicit language:

> [I]t shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed *any* complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]29 U.S.C. § 215(a)(3)

In order to succeed to establish a prima facie case under that statute, plaintiffs must prove that "(1) the plaintiff engaged in a statutorily protected activity, and (2) his employer thereafter subjected him to an adverse employment action (3) as a reprisal for having engaged in protected activity." *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 102 (1st Cir. 2004) (citing *Blackie v. Maine*, 75 F.3d 716, 722 (1st Cir. 1996))." *See* Docket No. 75 at page 13.

El Conquistador does not object the findings made by the Magistrate Judge as to whether plaintiffs were engaged in a protected activity. Hence, the Court will not disturb the findings of the Magistrate Judge, and adopts them *in toto* as the court does not detect any plain error whatsoever in said finding.

El Conquistador objects the Magistrate Judge's findings only as to Canales' termination by concluding that said termination was in retaliation for Canales' complaints regarding the nature of the service charge. El Conquistador further alleges that "Canales was terminated as a result of

serious violations of El Conquistador House Rules which included the <u>willful falsification</u> of Hotel records, unlawful and immoral conduct or behavior deemed unbecoming of a Wyndham employee, and failure to comply with Hotel policies and procedures." *See* Docket No. 78 at page 11. Defendant alleges that Canales admitted being involved with other Hotel employees in a service charge redistribution scheme in violation of the Hotel policies. *See* Docket No. 78 at page 12.

As to Canales, the Court finds that El Conquistador did not rebut the inference of the causal link between Canales' complaints about the service charge and his termination. The factual sequel follows: (a) Canales was admonished by Alex Rodríguez, El Conquistador's Food and Beverage Director, to stop complaining about the twenty-five (25%) of the service charge or "you will lose your job" (Docket No. 75 at page 19); (b) on or about May 2004, Canales spoke with Jay Francis, manager of Las Casitas, regarding the Hotel's retention of part of his tips; (c) "on June 18, 2004, Canales prepared and signed a statement admitting he redistributed the service charge, but that such had been done at the direction of Alfredo Arroyo, who promised that if Canales fixed the service problem at Le Bistro, then Arroyo would fix the tip problem" (Docket No. 75 at page 20); (d) Canales was terminated on June 28, 2004 for <u>willful falsification</u> of documents and failure to follow Hotel's procedures. *See* Docket No. 75 at page 20. The court notes that retaliation constitutes a modality of direct evidence of discrimination. *<u>Gómez-Pérez v. Potter</u>*, ___v.___, 128 S. Ct. 1931 (2008); *<u>Burlington Northern & Santa Fe Railway Co. v. White</u>*, 548 U.S. 53 (2006). Further, "statements by supervisors [as occurred as to Canales] carrying the inference that the supervisors harbored animus against protected classes of people [employee claiming rights under the FLSA] or conduct are clearly probative of pretext." *<u>Hudges v. General Dynamics Corp.</u>*, 141 F.3d 151, 171 (1st Cir. 2009) (citing *<u>Blackie v. Maine</u>*, 75 F.3d 716, 222 (1st Cir. 1996). The timing for termination

"creates an inference that Conquistador terminated Canales in retaliation for his complaints about the service charge." *See* Docket No. 75 at page 20 together with the statements attributed to the supervisors as to Canales. The court reminds defendant El Conquistador that the court must examine the evidence "**in the light most agreeable to the non moving party**." Novello v. City of Boston, 398 F.3d at 94. Further the court can not make credibility determinations nor weight the evidence at summary judgment level. See Stepanischen v. Merchants Despatch Transp. Corp. 722 F.2d 922; Domínguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424.[5]

The Court finds that El Conquistador's arguments, unless the court enters into weighing of the evidence and or examining the evidence in favor of the mover, which is contrariwise to the jurisprudence, does not rebut the inference of retaliation as to Canales, hence, the Court hereby adopts *in toto* the Magistrate Judge's findings as to retaliation.

As to the remaining plaintiffs Cachola, Rodríguez-López and/or Rodríguez-Millan the court agrees with the annalysis of the defendants which remains unchallenged by plaintiff as to the R&R issued by the Magistrate Judge and, hence, is examined by the court under the standard of "plain error." Douglass v. United Services Auto Ass'n, 79 F. 3d 1415 (1996); Nettles v. Wainwright, 677 F.2d 404 (1982); Nogueras-Cartagena v. United States, 172 F. Supp. 2d 296 (D. Puerto Rico 2001).

As correctly analyzed by the Magistrate Judge there is a total lack of any "evidence in the record that any supervisor told Cachola, Rodríguez-López, or Rodríguez-Millan they would be terminated if they continue[d] to complain about the service charge."

---

[5] Canales, on the other hand, can not at this time claim a cause of action under Law 80 since severance pay should not be awarded when compensatory pay under another statute is superior. Selgas v. American Airlines, 858 F. Supp. 316 (D.P.R. 1994), reversed on other grounds, 104 F.3d 9 (1st Cir. 1997). Further, plaintiff may be reinstated with back pay and hence he is not entitled to the severance granted under Law 80 of 1976.

Second, "plaintiffs have not provided evidence of the proximity of Cachola, Rodríguez-López or Rodríguez-Millan's complaints about the service charge to their dates of dismissal" citing *Oliver v. Digital Equip. Corp.*, 846 F.2d 102, 110 (1st Cir. 1988). Third, "plaintiff have provided no case law" that stands for the proposition that "[mere] frequency of an employee protected conduct can establish a causal link between such complaint and their dismissal."

Finally, following the burden shifting of the *McDonnel Douglas v. Green*, 411 U.S. 792,802 (1973) model for proving discrimination, and assuming that plaintiffs have complied with proving a prima facie case, defendants have articulated a valid non discriminatory reason which plaintiffs have failed to show that said reason constitutes a sham.
"Cachola was terminated for absenteeism and failure to fallow proper proceedings while making guest checks. . .Rodríguez-López was terminated for servicing customers food and drinks for which they allegedly did not pay. . .Rodríguez-Millan was terminated for absenteeism." (Docket No. 75, p. 21-22.)

Plaintiffs have failed to prove that the reasons provided by defendants were pretextual, they have merely shown that the terminations "may have been a mistake." (Docket No. 75 p.22.)[6] But they fall short of showing "that such dismissals were in disregard of Conquistador's Employee Manual or in some way different than Conquistador's past dismissals. . .[or]. . . that such finding would infer Conquistador retaliated against plaintiffs for their complaints" or that the dismissal were a pretext for discrimination. The court reminds plaintiffs that defendant has only to articulate a valid non discriminatory reason which is a burden of production not persuasion. *Texas Dept. of Affairs v.*

---

[6] Plaintiffs have merely shown that the company may have made a mistake. This falls short of the threshold and falls under the "honest belief" rule finding nodiscriminatory animus. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999).

*Burdine*, 450 U.S. 248, 253 (1981) and plaintiffs must then prove "that the employer's proffered reason is a pretext." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 827 (1st Cir. 1991). Plaintiffs have failed to prove that the reasons articulated by El Conquistador are pretextual in nature. The court reminds plaintiffs that they have the burden to prove discrimination throughout the entire case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

Hence, plaintiffs Cachola, Rodríguez-López, and Rodríguez-Millan retaliation claim of termination from employment is dismissed as the court detects no plain error, the standard for an unobjected Report and Recommendation of a Magistrate Judge.

### III. " WILLFULNESS"

Plaintiffs have filed a claim covering a period of three years under the FLSA, alleging a willful violation , 29 U.S.C. §255(a).  In *Chao v. Hotel Oasis, Inc., et al.*, 493 F.3d 26, 35 (1st Cir. 2007), the appellate Court of the First Circuit citing *Reich v. Newspapers of New Eng., Inc.*, 44 F.3d 1060, 1079 (1st Cir. 1995), "[t]he FLSA imposes a two-year statute of limitations unless the violations are shown to be willful, in which case a three-year period applies. (citing 29 U.S.C. § 255(a))."

A finding of willfulness is made when the employer has "intentionally and consistently failed to keep accurate records of the time worked by its employees [,] . . . disguised minimum wage, as well as overtime pay violations, . . . did not record the amounts of cash tips [,] . . . [and] most salient . . . [to] a finding of willfulness, . . . [paid] employees 'off the books.' " *Oasis*, 493 F.3d at 35.  In *Oasis*, 493 F.3d at 35, the First Circuit Court of Appeals confirmed the district court's finding of willfulness, and held:

> Oasis' failure to keep adequate payroll records and its **intentional**

> **manipulation** of the records it did keep are sufficient grounds for concluding that Oasis did not act in good faith or with a reasonable belief that it was in compliance with the FLSA. *Cf. Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002) ("[T]he fact that an employer knowingly under-reported its employee's work hours could suggest to a [fact finder] that the employer was attempting to conceal its failure to pay overtime from regulators, or was acting to eliminate evidence that might later be used against it in a suit by one of its employees"). Moreover, a finding of willfulness means that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). (Emphasis ours.)

The court in the instant case can not make a determination as to willfulness since said determination is imbued with issues of intent of the employer. *See* also <u>Poller v. Columbia Broad. Sys.</u>, 368 U.S. 464, 473 (1962); <u>Pullman-Standard v. Swint</u>, 456 U.S. 273, 288-90(1982) (discriminatory intent is a factual matter for the trier of fact); *see also* <u>William Coll v. PB Diagnostic Sys., Inc.</u>, 50 F.3d 1115, 1121 (1st Cir.1995); <u>Oliver v. Digital Equip. Corp.</u>, 846 F.2d 103, 107 (1st Cir.1988); <u>Lipsett v. University of P.R.</u>, 864 F.2d at 895. "Under such circumstances [state of mind], jury judgments about credibility are typically thought to be of special importance." *See* <u>Stepanischen v. Merchants Despatch Transp. Corp.</u>, 722 F.2d 922, 928 (1st Cir.1983); *see* <u>Dominguez-Cruz v. Suttle Caribe, Inc.</u>, 202 F.3d at 433.

IV.  LAW 80 CLAIM

Although the Magistrate Judge dismissed the Law 80 of May 30 1976, P.R. Laws Ann. Tit. 29, § 185(a), as to retaliatory discharge, on the merits not being applicable to a retaliatory discharge, the court prefers to dismiss the same on alternate grounds.

There simply is no claim made under the allegations of the complaint at this time even though the complaint was filed on December 14, 2005. No vestige of a Law 80 claim was present

on the record until after the summary judgment was filed on October 2007, Docket No. 50.

The court prefers to dismiss this claim without prejudice. Plaintiff is free to amend the complaint. However, plaintiff is forewarned that defendant has set forth a colorable claim of "just cause" for termination under the local statute. 29 P.R. Law Ann. § 185(b). (Enumerating the just cause provisions.)

## CONCLUSION

After a *de novo* review of the Magistrate Judge's *Report and Recommendation* (Docket No. 75), this Court agrees with the thorough analysis made by the Magistrate Judge's recommendations and adopts them *in toto* except that the Law 80 claim is dismissed without prejudice under alternate grounds as described herein. Accordingly, defendants' *Motion For Summary Judgment* (Docket entries No. 50-51) is granted in part and denied in part. The claims under Law 80 are dismissed without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of September 2008.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. District Judge